**Demetrios CAMARIAS, etc., Plaintiff,**

**v.**

**British M/V LADY ERA, etc., et al.,
Defendants.**

**Civ. A. No. 1314–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

Dec. 4, 1969.

**380**

Burt M. Morewitz, Newport News, Va., for plaintiff.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendants.

## OPINION AND ORDER

KELLAM, District Judge.

Plaintiff, a citizen of Greece, on or about December 30, 1966, at the port of Rotterdam, Holland, signed an employment agreement with Aristides Steamship Co., S.A., a Panamanian Corporation, and was employed as a deck hand aboard the LADY ERA, of British Registry, and flying the flag of the United Kingdom. The only stockholder, officer or director revealed by Aristides Steamship Co. is Frixos Theodorides, a British citizen, residing in Greece. The registered owner of the vessel, Oceanic Freighters Corporation, is a Liberian Corporation. All of the stockholders of the registered owner are residents of Greece. None of them are citizens of the United States. The principal office of the registered owner is in Greece, and the general manager of the vessel is a British citizen residing in Greece. All instructions for the operation of the vessel emanate from Greece. During the employment period of plaintiff, the vessel never entered a port in the United States. None of the witnesses to the accident are citizens and residents of the United States.

Plaintiff alleges that on or about May 6, 1967, while employed aboard the M/V LADY ERA, he slipped and fell, injuring his back. The vessel was then at sea bound for Rotterdam. He was hospitalized at Reunion, Madagascar, for a short period, transferred to Rotterdam, where he underwent surgery, and thereafter repatriated to Greece and admitted to the Clinic Galenus, where he received further treatment.

Plaintiff asserts he is married to an American citizen.

The employment agreement executed by plaintiff after setting forth his position and rate of pay, provided: "All further terms and conditions as per Greek collective Agreement." It also appears that on or about September 1, 1967, plaintiff was before the "Court of First Instance" at Piraeus, Greece, relative to a claim for sick wages.

This action was filed by plaintiff to recover for (a) unseaworthiness under non-statutory General Maritime Law, (b) damages for negligence under the Jones Act [46 U.S.C.A. § 688] or any other statute, treaty law, etc., applicable to the facts of the case, (c) maintenance and cure and "sick" wages under the non-statutory General Maritime Law. Defendant filed a "Motion to Decline Jurisdiction."

At the time of the filing of this action plaintiff was a citizen of Greece, and was residing there. The accident occurred outside of this Country. None of the witnesses to the accident are citizens or residents of this Country. All of the medical treatment and hospitalization was rendered outside of this Country. The vessel on which the injury occurred had not prior to or at the time of injury ever called at a port in this Country. The plaintiff signed on and was discharged at a port outside this Country. So far as this plaintiff is concerned, he has no connection with this Country, except that his wife is

alleged to be a citizen of it. It appears that if plaintiff is to attend trial in person he will have to make the journey from Greece or Holland. To retain jurisdiction in this case would be to open the doors of our courts to any seaman anywhere in the world who has an alleged claim against any defendant anywhere in the world.

Even though the suit is between foreigners, it is within the jurisdiction of a United States District Court. Lauritzen v. Larsen, 345 U.S. 571, 574, 73 S.Ct. 921, 97 L.Ed. 1254; The Belgenland v. Jensen, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; Gkiafis v. Steamship Yiosonas, 387 F.2d 460 (4th Cir. 1967). The question of whether jurisdiction should be exercised is one of discretion; not an arbitrary one, but one of reviewable sound discretion. Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206; Mobil Tankers Co. v. Mene Grande Oil Co., 363 F.2d 611 (3d Cir. 1966). The discretion is one "exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law." Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520. See also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. The doctrine in this Circuit seems to be to accept jurisdiction when it is necessary to prevent a failure of justice or when the rights of the parties would be thereby best promoted. The Fletero v. Arias, 206 F.2d 267 (4th Cir. 1953); Gkiafis v. Steamship Yiosonas, supra. See also Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520. That is, the rights of both parties.

Applying the test set forth in the Gkiafis case; Gulf Oil Corp. v. Gilbert, supra; Lauritzen v. Larsen, supra;

Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368; Malanos v. Marsuerte Compania Naviera, S.A., 259 F.Supp. 646 (E.D.Va.1966), the Court declines jurisdiction.

In Romero v. International Terminal Operating Co., supra [358 U.S. 354], at page 384, 79 S.Ct. at page 486, the Court said:

Although the place of injury has often been deemed determinative of the choice of law in municipal conflict of laws, such a rule does not fit the accommodations that become relevant in fair and prudent regard for the interests of foreign nations in the regulation of their own ships and their own nationals, and the effect upon our interests of our treatment of the legitimate interests of foreign nations. To impose on ships the duty of shifting from one standard of compensation to another as the vessel passes the boundaries of territorial waters would be not only an onerous but also an unduly speculative burden, disruptive of international commerce and without basis in the expressed policies of this country. The amount and type of recovery which a foreign seaman may receive from his foreign employer while sailing on a foreign ship should not depend on the wholly fortuitous circumstance of the place of injury.

Thus we hold that the considerations found in Lauritzen v. Larsen to preclude the assertion of a claim under the Jones Act apply equally here, and affirm the dismissal of petitioner's claims against Compania Transatlantica.

Accordingly, the jurisdiction is declined.