**Gerasimos BEKRIS, Plaintiff,**

**v.**

**M/V ARISTOTELES, etc., et al.,
Defendants.**

**Civ. A. No. 37–69–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

Dec. 4, 1969.

---

Burt M. Morewitz, Newport News, Va., for plaintiff.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendant.

## OPINION

KELLAM, District Judge.

Plaintiff, a Greek citizen and resident, signed an employment contract in Greece for service on the M/V ARISTOTELES, a vessel of Greek registry flying the flag of Greece. The employment contract stipulated the employment would be governed by the Greek Collective Agreement. Plaintiff joined the vessel in Antwerp, Belgium, and was discharged at Rotterdam, Holland. Defendant's principal place of business is Piraeus, Greece, and its general manager and sole stockholder is a resident of Greece, but a citizen of the United Kingdom. All instructions for the operation of the vessel emanated from Greece, and no citizen or resident of the United States has any interest in defendant company or the vessel.

None of the witnesses to the accident are residents of the United States. All medical treatment received by plaintiff has been rendered in Greece. Plaintiff made no request for medical attention prior to signing off the vessel. Two days after his arrival in Greece he complained to the company of pains in his knee, for which he received treatment in Greece. Plaintiff made no trips to this Country for some eight months prior to his discharge from the vessel.

Plaintiff filed this action to recover (a) "earned wages due him * * * because of the withholding of advances on future earnings previously made * * in violation of 46 U.S.C.A. 599," (b) "liquidated damages under 46 U.S.C.A. 596–597," (c) "earned wages due him at Rotterdam," (d) damages because of a knee injury and because of failure to provide adequate medical care and maintenance, and (e) maintenance and cure.

For the reasons this day given in the companion case of Camarias v. British M/V LADY ERA, 318 F.Supp. 379, this day filed, the Court should decline jurisdiction, except as to the alleged violations of seaman's wage statutes enacted by Congress. If these allegations are made in good faith, it appears the Court must accept jurisdiction at least for this purpose. Malanos v. Marsuerte Compania Naviera, S.A., 259 F.Supp. 646 (E.D.Va.1966). If the Court takes jurisdiction for this purpose, the doctrine in this Circuit seems to be the Court having taken jurisdiction, although only under the theory of enforcing the provisions of the statute, should "go on to see that full justice is done with respect to the entire matter." Gkiafis v. Steamship Yiosanas, 387 F.2d 460 (4th Cir. 1967).

Following the *Malanos* case, until "good faith" of the allegations relating to the wage claims for alleged violation of the statutes of the United States is sufficiently developed, no order will be entered either accepting or declining jurisdiction.