437 F.2d 219
 Gerasimos BEKRIS, Appellant,
v.
GREEK M/V ARISTOTELES, her boats, engines, tackle, apparel, etc., Good Hope Shipping Ltd., Vinke & Co., Oceanic Freighters, S.A., J. A. Billmeir & Co., Ltd., Aristides Steamship Co., S.A., Amerind Shipping Corp. and Independent Gulf Line, all foreign corporations or associations, as owners and/or operators of the Greek M/V Aristoteles, and Elias Lynardatos, a non-resident, individually and as Master of the Greek M/V Aristoteles, Appellees.
 No. 14561.
 United States Court of Appeals, Fourth Circuit.
 Argued December 10, 1970.
 Decided January 27, 1971.
 
 Burt M. Morewitz, Newport News, Va., for appellant.
 Charles F. Tucker, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellees.
 Before SOBELOFF*, WINTER and CRAVEN, Circuit Judges.
 SOBELOFF, Senior Circuit Judge:
 
 
 1
 Gerasimos Bekris, a citizen and resident of Greece, initiated this suit in admiralty against the M/V ARISTOTELES, a vessel of Greek registry flying the flag of Greece. The ship was not attached because its owner, Aristides Steamship Company, S.A., made a general appearance as defendant in the case. The Company was incorporated in Panama, but its principal office of record is in Greece and all stock of the Company is owned by a British citizen residing in Greece.
 
 
 2
 Bekris signed his contract of employment as a seaman in Greece, subject to the terms of the Greek Collective Agreement. He joined the vessel on November 14, 1966, in the port of Antwerp and was discharged in December 1967 at Rotterdam. During the period of his employment the ship made several calls at ports in the United States. It also made calls, among other places, in the Philippines where Bekris allegedly sustained an injury to his left knee.
 
 
 3
 This action was filed in the United States District Court for the Eastern District of Virginia on April 15, 1969, seeking (1) earned wages due at Mobile, Alabama, on April 2, 1967, without deduction for advances on future earnings made in violation of 46 U.S.C. § 599, (2) liquidated damages due under 46 U.S.C. §§ 596-7 because of the withholding of earned wages due at Mobile, Alabama, on April 2, 1967, (3) earned wages due at Rotterdam on December 20, 1967, (4) damages for the knee injury sustained in the Philippines and for failure to provide adequate and sufficient medical care, and (5) maintenance and cure. The District Court, 318 F.Supp. 1327 held that the claims for wages due under United States statutes were not good faith claims and, declining to exercise jurisdiction over the remaining claims, dismissed the suit without prejudice.
 
 
 4
 Appellant first argues that the defendant's general appearance in the District Court precludes any subsequent objection to the court's jurisdiction. While a general appearance undoubtedly constitutes a waiver of such personal defenses as inadequacy of service of process or lack of personal jurisdiction, appellant cites no cases to support the proposition that a general appearance alone waives all objections to the subject matter jurisdiction of the District Court. Defendant's timely objection to the court's jurisdiction as an affirmative defense was sufficient to preserve the issue regardless of the prior entry of a general appearance.
 
 
 5
 Appellant further argues that the District Court erred in summarily dismissing the statutory wage claims. This point is particularly crucial since the general rule in this circuit is that the entire case should be disposed of on the merits if the court has jurisdiction over the statutory claims, even though the court might otherwise properly decline to exercise jurisdiction over the remaining claims. Gkiafis v. Steamship YIOSONAS, 387 F.2d 460, 464 (4th Cir. 1967), quoting Heros v. Cockinos, 177 F.2d 570, 572 (4th Cir. 1949). We agree with the District Court that Bekris failed to make a sufficient showing that the statutory wage claims were good faith claims. This issue was carefully considered by the court at a separate hearing, in which the defendant introduced a copy of a telegram explaining the items set out in the plaintiff's wage account, from which it appeared that no illegal advances had been made. The plaintiff offered nothing in contravention of this evidence. The court was fully warranted in dismissing the statutory wage claims.
 
 
 6
 Finally, appellant contends that the District Court abused its discretion in declining jurisdiction over the remaining claims. We disagree. Those claims bear no relationship to the United States other than the fact that the case was brought here and personal jurisdiction was obtained here. The plaintiff is foreign; the defendant is foreign; and all incidents giving rise to the claims occurred outside the territory of the United States. Under these circumstances the District Court decision to decline jurisdiction was well within its discretion. Gkiafis, supra at 462.
 
 
 7
 It should be noted that the plaintiff here is Greek and, while the defendant corporation is nominally Panamanian, its offices are in Greece and its operations are directed from there. The plaintiff should have little difficulty in presenting his case before the courts of his native land. While the plaintiff has supplied us translations of several Greek cases which, it is said, would bar this suit in Greece, those cases seem to be concerned only with issues of venue. Our action here would not leave the plaintiff without a forum in which to present his case.
 
 The judgment of the District Court is
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Judge Sobeloff attained the status of Senior Circuit Judge on December 31, 1970