443 F.2d 185
 Elias ELEFTERIOU, Appellant,
v.
TANKER ARCHONTISSA, her engines, boilers, boats, tackle, apparel, and furniture, in rem; and Cia. Nav. del Caribe, S. A., Panama, Owners and/or bareboat charterers, in personam, Appellees.
 No. 15299.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1971.
 Decided June 7, 1971.
 
 Robert E. Brown and Augustus Anninos, Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on brief), for appellant.
 Harry E. McCoy (Richard I. Gulick, Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 In a suit by a merchant seaman to recover damages for personal injury, wages and maintenance from the vessel and her owner, the district court quashed service of process upon the owner made under Virginia's "Long Arm" Statute. Because we think that service may have been validly made with respect to one of the causes of action, and, if so, that such service may constitute valid service with respect to the remaining causes of action, we vacate the order quashing service and remand the case for further proceedings.
 
 
 2
 * The plaintiff is a Greek national who alleges that he was injured when the ship was outside of the Port of Aruba, Netherlands West Indies. From Aruba the ship proceeded directly to Portsmouth, Virginia, where plaintiff was put ashore and admitted to the Norfolk General Hospital for treatment of a broken leg. The ship discharged her cargo and left Portsmouth the next day. About a month later plaintiff was repatriated to Greece.
 
 
 3
 From the pleadings and affidavits in support of successive motions to quash, it appears that the ship is the only vessel owned by Cia. Nav. del Caribe, S. A., Panama, that she is operated as a tramp, and that her call at Portsmouth was the only visit to Virginia within the preceding twelve months.
 
 
 4
 The complaint alleged five causes of action: (1) a claim that, by reason of the unseaworthiness of the vessel, plaintiff suffered grievous personal injuries, coupled with a Jones Act claim that the owner's negligence caused the said injuries, (2) a claim that, when plaintiff was removed from the ship following his injuries, he was not paid the full amount of the wages due and owing him at that time, (3) a claim that, because he was unfit for duty, plaintiff was entitled to maintenance until such time as he is fit for duty, (4) a claim that plaintiff was not furnished adequate medical treatment and cure after he sustained his injuries, thereby aggravating his injuries, and (5) a claim that, if plaintiff were repatriated to Greece (which subsequently did occur), the Court should enter an order requiring that he be provided with adequate medical care and facilities and be paid maintenance in Greece until he is able to pursue his occupation again.
 
 
 5
 Plaintiff sought to obtain service upon the vessel; but, before she could be served, she left the district. Plaintiff initially sought to obtain jurisdiction over the owner by serving the ship's local husbanding agent and next sought personal jurisdiction by service on the State Corporation Commission, pursuant to § 8-60, Code of Va. (1957 Repl. Vol.), which authorizes service upon the Commission as the statutory agent of a foreign corporation doing business in Virginia. Before us there is no claim that either service resulted in perfecting personal jurisdiction. Then, again trying to avail himself of the option contained in Rule 4(e), F.R.Civ.P., to make service under the state law of the state in which the district court is held, plaintiff attempted service of process upon the owner under §§ 8-81.2 and 81.3, Code of Va. (1970 Cum.Supp.), by serving the Secretary of the Commonwealth of Virginia as statutory agent. It was the return on this service which the district court quashed. This appeal is taken from that action.
 
 II
 
 6
 Rule 4(e) requires us to look to the state law to determine if service was valid. The text of § 8-81.2, setting forth the instances when personal jurisdiction under Virginia law may be exercised over a foreign person or corporation is set forth in the margin.[1] Section 8-81.3 provides that when the exercise of personal jurisdiction is authorized by § 8-81.2, process or notice may be served inter alia, on the Secretary of the Commonwealth.
 
 
 7
 We agree with the district court that plaintiff's alleged unseaworthiness and Jones Act claim, standing alone, would not fall within the provisions of § 8-81.2. The injuries did not occur in Virginia; nor did they arise from any business the owner transacted in Virginia. The theory of liability is not contractual but tortious in nature and, alternatively founded upon the doctrine of unseaworthiness.
 
 
 8
 Nor was there jurisdiction for the claim of maintenance when that cause of action is considered alone. Plaintiff seeks a future award "for such time as he may prove the same to be due him when this cause comes on for trial or at such other time [restoration to fitness for duty] prior to trial." There was no allegation of any present failure to do any act in Virginia that the owner was obligated to perform. Indeed, from his other allegations, it appears that until his repatriation, plaintiff was maintained in the hospital. In any event, the claim was not contractual in nature, but one arising under general maritime law.
 
 
 9
 Plaintiff's claim for aggravation of injuries, when read in the light of his other allegations, appears to have arisen from the failure to provide medical treatment and cure until plaintiff was admitted to the hospital in Norfolk. The owner's omission, if any, thus occurred outside of Virginia, and personal jurisdiction may not be asserted under § 8-81.2.
 
 
 10
 The claim for a protective order in the event that plaintiff was repatriated to Greece does not appear to give rise to any basis for the exercise of personal jurisdiction under any provision of § 8-81.2.
 
 
 11
 On the other hand, plaintiff's claim that he was not paid the full amount of the wages due and owing him when he was removed from the ship may provide a basis for the assertion of personal jurisdiction. A statute of the United States requires that a seaman discharged by a vessel making foreign voyages be paid his wages "within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens." 46 U.S.C.A. § 596. An employment relationship is a contractual relationship and the failure to make payment in Virginia, as required by statute (if not by the provisions of the contract), would give rise to a cause of action arising from the owner's contracting to supply services or things in Virginia within the meaning of § 8-81.2(a) (2). Of course, whether personal jurisdiction lies depends upon whether the unpaid wage claim was asserted in good faith. Cf. Bekris v. Greek M/V ARISTOTELES, 437 F.2d 219 (4 Cir. 1971). In argument, counsel for the parties were in sharp disagreement as to whether the unpaid wage claim was a good faith claim. Manifestly, as an appellate court, we are ill-suited to ascertain the fact when the parties disagree and when no record has been made in the district court.
 
 
 12
 We, therefore, conclude that the order quashing service should be vacated and the case remanded to the district court for a determination of whether plaintiff does assert a good faith unpaid wage claim. The district judge may consider the question on informal proofs short of actual trial. See Bekris, supra. If he finds that the claim was not asserted in good faith, he may reenter his order quashing service.
 
 
 13
 If, however, the district judge finds that the claim was asserted in good faith, he should deny the motion to quash with respect to that cause of action, and he should also consider whether he should sustain jurisdiction with respect to the remaining causes of action. On the latter question, we express no view. The point was not briefed by the parties; and when counsel were interrogated with respect to it during oral argument, it was apparent that they had not considered it during their preparation. Moreover, if it is found that the wage claim was not asserted in good faith, the point is not reached. We note, of course, that § 8-81.2(b) purports to limit the exercise of personal jurisdiction solely to the precise causes of action which might be sued on individually under § 8-81.2(a). The problem, as we see it, is whether, when service was obtained under Rule 4(e), the rule makes applicable all of the provisions of the state statute, or whether there are countervailing federal policies, rules or statutes to warrant a holding that Rule 4(e) makes applicable § 8-81.2(a) without making § 8-81.2(b) applicable also.[2]
 
 
 14
 Vacated and remanded.
 
 
 
 Notes:
 
 
 [1]
 § 8-81.2. When personal jurisdiction over person may be exercised
 (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's
 (1) Transacting any business in this State;
 (2) Contracting to supply services or things in this State;
 (3) Causing tortious injury by an act or omission in this State;
 (4) Causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State;
 (5) Causing injury in this State to any person by breach of warranty expressly or impliedly made in the sale of goods outside this State when he might reasonably have expected such person to use, consume, or be affected by the goods in this State, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
 (6) Having an interest in, using, or possessing real property in this State; or
 (7) Contracting to insure any person, property, or risk located within this State at the time of contracting.
 (b) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him; provided, however, nothing contained in this chapter shall limit, restrict or otherwise affect the jurisdiction of any court of this State over foreign corporations which are subject to service of process pursuant to the provisions of any other statute.
 
 
 [2]
 This problem, we should add, is different from the question presented by a motion to decline jurisdiction for lack of minimal contact. See,e. g.,Bekris, supra; Gkiafis v. Steamship YIOSONAS, 387 F.2d 460 (4 Cir. 1967).