**PROMOTIONS, LTD., Appellant,**

**v.**

**BROOKLYN BRIDGE CENTENNIAL COMM.; The City of New York; The Borough of Brooklyn; Hamilton Projects; Terri Osborne and Michael Stone, Appellees.**

No. 84–1196.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1985.

Decided May 31, 1985.

Gregory M. Wade, Alexandria, Va., for appellant.

Anthony MacDonald, Gary E. Guy, Arlington, Va. (Cullen & Dykman, Brooklyn, N.Y., Ronald Sternberg, Frederick A.O. Schwarz, Jr., New York City, on brief), for appellees.

Before SPROUSE and WILKINSON, Circuit Judges, and RAMSEY, United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

This case tests the limits of personal jurisdiction under Virginia Code § 8.01–328.1(A). If personal jurisdiction were found here, a party could scarcely answer its mail or pick up its telephone without becoming subject to the long-arm statute of the caller's or correspondent's state. Hence we affirm the district court's dismissal of this action for want of sufficient minimum contacts with the forum. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Changing proverb to property, the appellant in this case seeks to enforce its right to sell the Brooklyn Bridge. The controversy began when O. Keith Hallam, Jr., president of plaintiff-appellant Promotions, Ltd., wrote to an assistant to the mayor of New York City with the suggestion that the city capitalize upon the commemoration of the Brooklyn Bridge centennial by marketing pieces of the bridge. Hallam reported that Promotions, a Virginia corporation, had conducted market surveys that revealed "an overwhelming acceptance, identification and interest in this concept." He offered the services of Promotions for the elaboration and realization of his "pithy thumbnail sketch" but allowed that the company would forsake active participation if awarded royalties for Promotions' efforts in "idea conceptualization."

Hallam's missive landed at the New York City Department of Records and Information Services, which forwarded it to Terri Osborne, coordinator of the anniversary celebration, and advised Hallam that future correspondence should be directed to the Brooklyn Bridge Centennial Commission. Hallam promptly wrote to Osborne, repeating his suggestion. Osborne replied that she had forwarded Promotions' proposal to Hamilton Projects, the company that controlled the Brooklyn Bridge logo. Hallam also called Osborne at the time of this correspondence, and the two exchanged telephone versions of their letters. Hallam turned then to Hamilton Projects, twice calling Hamilton president Michael Stone in March 1982. According to Promotions, Stone told Hallam that he hoped to use the idea and promised that he would pay Promotions a royalty if he did use the idea.

Several months later, Hallam realized that Berry Enterprises, a licensee of Hamilton Projects, was advertising and selling pieces of cable and planking from the original Brooklyn Bridge. Promotions soon sued Stone, Osborne, Hamilton Projects, the Brooklyn Bridge Centennial Commission, the Borough of Brooklyn, and the City of New York, demanding $1,000,000 in compensatory damages, $20,000,000 in punitive damages, costs, and attorney fees.

Osborne, the Centennial Commission, and the City of New York moved to dismiss the action for lack of personal jurisdiction, and the district court granted their motions. Plaintiff appeals. We affirm.*

Va.Code § 8.01–328.1(A), the source of the district court's authority, provides that "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's (1) transacting any business in this Commonwealth; (2) contracting to supply services or things in this Commonwealth...." The Virginia Supreme Court has characterized this statute as a "single transaction" test that asserts personal jurisdiction to the extent permissible under the Due Process Clause. *Kolbe, Inc. v. Chromomodern, Inc.*, 211 Va. 736, 180 S.E.2d 664 (1971). Consistent with this interpretation, the court has repeatedly emphasized the holding of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See, e.g., Kolbe v. Chromomodern*, 180 S.E.2d at 666; *Danville Plywood Corporation v. Plain & Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800, 802 (1977); *I.T. Sales, Inc. v. Dry*, 222 Va. 6, 278 S.E.2d 789, 791 (1981).

Defendants-appellees have in this case not purposefully availed themselves of the privilege of transacting business in Virginia. The City of New York merely forwarded a Promotions letter to Osborne and the Commission; Osborne merely forwarded a Promotions letter to Hamilton Projects. The defendants could scarcely have done less. The independent activities of Stone, Hamilton Projects, and Berry Enterprises may not be attributed to the city or the Commission. Plaintiff's slight brush with the defendants, flowing solely from Hallam's initiative, falls under the rule of *Hanson v. Denckla* that "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." 357 U.S. at 253, 78 S.Ct. at 1239.

Promotions argues that its communications with the defendants created a contract for services and that personal jurisdiction therefore lies under § 8.01–328.1(A)(2). But even assuming that Promotions is correct in characterizing this relationship as contractual, jurisdiction nonetheless fails because Promotions is clearly correct in conceding that any contract between plaintiff and defendants was made and was to be carried out in New York. The long arm of § 8.01 does not extend to a contract formed and performed outside Virginia. *Danville Plywood Corporation v. Plain & Fancy Kitchens, Inc.; Viers v. Mounts*, 466 F.Supp. 187 (W.D.Va.1979). Promotions' reliance on *Elefteriou v. Tanker Archontissa*, 443 F.2d 185 (4th Cir. 1971) is misplaced. *Elefteriou* involved a statutory obligation within a contractual relationship, an obligation that arose in Virginia.

For these reasons, the order of the district court is

AFFIRMED.

---

* Defendants Stone and Hamilton Projects had settled with Promotions and were no longer parties at the time of these motions. Defendant

Borough of Brooklyn was also dismissed for lack of personal jurisdiction, but that decision was not and is not contested by the plaintiff.