528 F.2d 1258
 Santosh K. DUTTA and Mrinal K. Ghosh, Appellants,
v.
CLAN GRAHAN, her engines, boilers, boats, tackle, apparel,
and furniture, in rem, and King Line, Ltd.,
Owners, in personam, Appellees.
 No. 74--2131.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 7, 1975.
Decided Sept. 22, 1975.
 
 Ralph Rabinowitz, Norfolk, Va. (Rabinowitz, Rafal & Swartz, Norfolk, Va., on brief), for appellants.
 Charles F. Tucker, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellees.
 Before WINTER, BUTZNER and WIDENER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Plaintiffs, Santosh K. Dutta and Mrinal K. Ghosh, bring this appeal from the district court's dismissal of their admiralty action for personal injuries allegedly resulting from negligence and unseaworthiness, maintenance and cure and unpaid wages and penalty for nonpayment. We think that the district court erroneously determined not to exercise jurisdiction. We reverse and remand.
 
 I.
 
 2
 Dutta and Ghosh, citizens and residents of Calcutta, India, were seamen on the British vessel CLAN GRAHAN when it sailed from Norfolk, Virginia, on October 25, 1973. The next day, approximately ten hours after clearing Cape Henry, the plaintiffs were injured when their ship experienced heavy weather. On October 27 they were transferred to a Coast Guard cutter which delivered them to shore and a hospital. Four days later they filed suit in the district court for damages for personal injuries, alleging unseaworthiness of the vessel and negligence of the owner, for maintenance and cure, and for unpaid wages and the penalty authorized by 46 U.S.C. § 596, allegedly because their wages were not paid within four days of their discharge from their vessel.
 
 
 3
 The district court concluded that its jurisdiction over the action was discretionary. Examining the facts in the light of Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and Gkiafis v. Steamship Yiosonas, 387 F.2d 460 (4 Cir. 1967), it found that the contacts between the plaintiffs and the forum were insufficient to justify taking jurisdiction, and dismissed the action.
 
 II.
 
 4
 In this circuit, it has been repeatedly held that jurisdiction over a wage claim made in good faith under 46 U.S.C. § 596 is mandatory. Elefteriou v. Tanker Archontissa, 443 F.2d 185 (4 Cir. 1971); Gkiafis v. Steamship Yiosonas, 387 F.2d 460 (4 Cir. 1967); Gilmore & Black, The Law of Admiralty, 391 (1957). And if the court possesses jurisdiction over the wage claim, 'the general rule in this circuit is that the entire case should be disposed of on the merits . . . even though the court might otherwise decline to exercise jurisdiction over the remaining claims.' Bekris v. Greek M/V ARISTOTELES, 437 F.2d 219, 220 (4 Cir. 1971).
 
 
 5
 The premise of the rule that, absent special circumstances, the admiralty court should accept jurisdiction over all claims is that the wage claim be asserted 'in good faith.' The district court, in a supplement to its opinion, described plaintiffs' wage claims as 'weak' and said that they were 'asserted for no real purpose save to claim jurisdiction.' This is not tantamount to a finding of lack of good faith. A claim may be asserted in good faith even though it ultimately may be found to be unmeritorious. Certainly one's motive in instituting an action does not necessarily prove its invalidity. Our examination of the record does not uncover any basis on which to question plaintiffs' bona fides.
 
 
 6
 Thus, the general rule as announced in the ARISTOTELES requires the district court to take jurisdiction of the personal injury and maintenance and cure claims of the plaintiffs in this case, unless there are special circumstances indicating a different conclusion. We find none. There exists a substantial contact between the transactions of the case and the United States. Plaintiffs' injuries were treated in Norfolk until plaintiffs were repatriated to Calcutta on November 21, 1973. It is in Norfolk that plaintiffs' medical records are kept and there that the physicians who treated them are located. Both are readily accessible to the district court. Both the records and the physicians communicate in the language of the court. Moreover, counsel in the jurisdiction of the district court have been engaged and have been proceeding apace in preparation of the case for trial. This, too, is a factor arguing for retention of jurisdiction. See, e.g., Gkiafis v. Steamship Yiosonas, supra; The Fletero v. Arias, 206 F.2d 267 (4 Cir.), cert. denied, 346 U.S. 897, 74 S.Ct. 220, 98 L.Ed. 398 (1953). Finally, since plaintiffs' injuries were sustained on the high seas, no other jurisdiction having a paramount claim to that of the district is perceived.
 
 
 7
 We hold that jurisdiction as to the wage claims was mandatory and jurisdiction as to the personal injury and maintenance and cure claims should have been retained.
 
 
 8
 Reversed and remanded.
 
 WIDENER, Circuit Judge (concurring):
 
 9
 I agree with the judgment of the court and its opinion except for that part which states as a reason for the decision the fact that attorneys in the jurisdiction of the district court have been engaged and have been proceeding apace in preparation of the case for trial.
 
 
 10
 This case comes to us on appeal from a dismissal of the appellants' action following the lower court's refusal to invoke what it considered to be its discretionary jurisdiction in relation to admiralty matters between foreigners. As our opinion sets out, however, jurisdiction in this case as to the wage claims was mandatory and not discretionary. Moreover, as to the related claims which were asserted, the rule in this circuit is that once jurisdiction has been invoked to enforce the provisions of our laws, the court should 'go on to see that full justice is done with respect to the entire matter.' Gkiafis, p. 464; Heros v. Cockinos, 177 F.2d 570, 572 (4th Cir. 1949). Thus, in the absence of special circumstances, the trial court should have assumed jurisdiction over the appellants' claims for personal injury and maintenance and cure as well as for wages.
 
 
 11
 As the majority notes, the record indicates no special circumstances authorizing a refusal to invoke the court's discretionary jurisdiction as to the non-statutory claims. This being the case, I am of the opinion we should go no further.
 
 
 12
 I do not believe we should use as a reason for our decision such preparations as were made for trial during the relatively brief period of only eight months the case was pending. Pre-trial preparations were going along ahead of schedule with the obvious cooperation of the attorneys on both sides.
 
 
 13
 The record in this case shows that the complaint was filed October 31, 1973.
 
 
 14
 One service of process was obtained through the Secretary of the Commonwealth in accordance with Va.Code § 8--81.3 by sending a copy of the summons and complaint by registered mail to the ship owner. The affidavit of the Secretary of the Commonwealth is dated November 2, 1973 and was filed in the clerk's office November 5, 1973. The U.S. Marshal's return of service on the Secretary of the Commonwealth was not filed until November 6, 1973, having been served on the Secretary of the Commonwealth November 2, 1973. Additional service was obtained by the marshal serving the defendants' agent November 5, 1973 at 1:30 p.m., and his return was filed November 6, 1973.
 
 
 15
 At 3:00 p.m. November 5, 1973, only hours after the first service which could have come to the attention of the ship or her owner, and before any return of service was even filed in the clerk's office, the depositions of the plaintiffs were taken at their own instance, which are all of the depositions taken in preparation for trial (there were later interrogatories, requests for admission, etc.). Dutta's consisted of only 15 pages, including the notary's certificate, and Ghosh's of 24 pages. The depositions were taken by agreement of counsel in an obvious effort to cooperate and not upon notice, for, of course, only a few hours' notice could hardly have been sufficient. In each deposition the following statement appears in identical language with the exception of one comma:
 
 
 16
 'MR. MATHEWS: I will make a statement for the record.
 
 
 17
 'On behalf of Cayzer, Irvine & Company, Limited, the named defendant in this action, we wish to state that by appearing in the taking of these depositions the defendant does not waive but instead specifically reserves the right to contest the jurisdiction of the Court in this case. And all objections as to service of process are reserved. And we make our statement in part on the basis that the ship in question was flying a foreign flag, a British flag, that the seamen involved are not citizens of the United States but are, we understand, Indian seamen, and that the injury did not occur in the United States but, instead, occurred at sea, and that there is no connection of the alleged complaint with the United States or with the jurisdiction of this Court. And that we are attending this deposition only as an accommodation to counsel for the plaintiffs.'
 
 
 18
 'It is indicated we specifically reserve our right to protest jurisdiction in this matter.'
 
 
 19
 'MR. RABINOWITZ: Subject to your statement, which I fully understand, can we, subject to that statement, have the usual stipulation?'
 
 
 20
 The motion to dismiss for lack of jurisdiction was filed November 19, 1973, certainly timely. Plaintiffs filed a request for admission of facts and interrogatories December 17, 1973, and defendants answered the request for admission of facts January 4, 1974. A pre-trial order was entered without objection January 30, 1974 and filed January 31, 1974. The defendants answered the interrogatories March 1, 1974. The depositions of Dutta and Ghosh were filed March 4, 1974, and the motion to dismiss for lack of jurisdiction was argued May 10, 1974. The district court filed its opinion that the case should be dismissed for lack of jurisdiction July 10, 1974, and judgment dismissing the case in accordance with the decision of the court was entered July 10, 1974 and filed July 16, 1974.
 
 
 21
 The record discloses no contentious or delaying behavior by any of the attorneys in preparation for the trial of this case; rather, a spirit of cooperation is evident. I especially note the agreement of the attorneys for the defendants in taking the depositions of the plaintiffs only five days after the case was filed and a few hours after service of the complaint. In view of the whole record in this case, and especially in view of the fact of the reservation by the attorney for the defendants of the defendants' plea to the jurisdiction at the outset of the taking of the depositions, I am of opinion that trial preparations should have no part in an opinion here. Our opinion today, giving as a reason that 'counsel in the jurisdiction of the district court have been engaged and have been proceeding apace in preparation of the case for trial,' must stand as a warning to attorneys in this circuit in the future not to cooperate in pre-trial procedures in similar cases, even under stated reservation, for fear that cooperation may turn out to be a reason for a finding of jurisdiction where none may have originally existed. The result is bound to be applications for all kinds of protective orders limiting discovery and depositions to the question of jurisdiction, as well as what would have been formerly considered as unnecessary contentions on the part of perfectly well intentioned attorneys. The overall delay and aggravation in the processing of cases is self-evident.