George GREVAS, Appellant,

v.

M/V OLYMPIC PEGASUS, her engines, boilers, boats, tackle, apparel, machinery, etc., in rem, and Somerset Navigation Co., in personam, Appellees.

No. 76–2387.

United States Court of Appeals, Fourth Circuit.

Argued May 3, 1977.

Decided June 7, 1977.

Rehearing and Rehearing En Banc Denied Aug. 5, 1977.

4a. It is not clear from the record whether defendant will waive its counterclaim in light of the remand incident to this opinion.

5. We recognize that the plaintiff may have difficulty in establishing the causation necessary for recovery. However, the facts have not been sufficiently developed to make a determination of this issue. This Court has recently used this wording in reversing a district court grant of summary judgment:

"We do not catalogue the many variables which a complete resolution of the facts may reveal because we cannot anticipate all of the issues which may be presented. We have noted only some of the obvious problems which were removed from consideration by the entry of summary judgment."

*Diskmakers, Inc. v. DeWitt Equipment Corp.,* 555 F.2d 1177 at note 4 (3d Cir., Opinion of May 18, 1977).

Stuart R. Gordon and Augustus Anninos, Norfolk, Va. (Howell, Anninos, Daugherty & Brown, Norfolk, Va., on brief), for appellant.

A. Jackson Timms, Norfolk, Va. (Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on brief), for appellees.

Before CRAVEN,* Circuit Judge, FIELD, Senior Circuit Judge, and THOMSEN,** Senior District Judge.

THOMSEN, Senior District Judge:

The question presented in this appeal is whether defendant shipowner was subject

---

* Judge Craven participated in the decision of this case following the argument and voted to affirm, but died before this opinion was prepared.

** Of the United States District Court for the District of Maryland, sitting by designation.

to service of process in a suit filed against it and its vessel[1] in the Eastern District of Virginia by a Greek seaman claiming damages for personal injuries sustained in an accident on board ship, failure to treat, maintenance and wages due. Under Rule 4, F.R.Civ.P., service of process was made (1) on the Central American Steamship Agency, Inc., a New York agent for the shipowner, and the Secretary of the Commonwealth of Virginia, as statutory agent for Central, pursuant to §§ 8–81.2 and 81.3 of the Code of Virginia (the "Long Arm" statute), and (2) on the clerk of the State Corporation Commission, pursuant to § 8–60 of that Code. The district court granted the motion of the shipowner, appearing specially, to quash service of process and dismissed the action for lack of in personam jurisdiction.

On March 3, 1976, plaintiff, an experienced Greek seaman, signed in Greece an enlistment agreement, in accord with the Greek Union Agreements, for service as a boatswain on the M/V Olympic Pegasus; he joined the vessel in Italy the next day. The vessel sails under a Liberian flag and is owned by defendant, a Panamanian corporation with no resident agent in Virginia and none of whose stockholders or officers is a United States citizen. She had sailed from Odessa, USSR, under a time charter to an agent of the USSR; on March 16, while at sea, she received orders to proceed to Norfolk to load cargo.

The Olympic Pegasus encountered rough seas on March 17, and plaintiff was injured on that date while attempting to secure cargo on deck. He was treated on board after the vessel had communicated with the United States Coast Guard and received medical advice. The vessel arrived in Norfolk on March 20 and plaintiff was transferred ashore to the United States Public Health Service Hospital. The vessel departed from Norfolk on March 28 after taking on a sizeable cargo of soybeans; plaintiff remained under treatment in Norfolk until he was returned to Greece on June 18, 1976.

■ The asserted basis for service of process under §§ 8–81.2 and 81.3[2] was a wage claim by plaintiff. When a seaman leaves a vessel for medical treatment he must be paid all wages due him to the date he leaves the ship. 46 U.S.C. § 596. Jurisdiction over a wage claim made in good faith under that section is mandatory, and if the court possesses jurisdiction over a wage claim it should also exercise its jurisdiction over all other claims asserted. *Dutta v. Clan Grahan,* 528 F.2d 1258, 1260 (4 Cir. 1975); *Elefteriou v. Tanker Archontissa,* 443 F.2d 185, 188 (4 Cir. 1971); *Bekris v. Greek M/V Aristoteles,* 437 F.2d 219, 220 (4 Cir. 1971). The district court found as a fact that plaintiff had not established a good faith wage claim, and therefore quashed service of process because there was no cause of action within the meaning of § 8–81.2(a)(2).

Plaintiff conceded that he was paid most of his wages, but contended that an additional amount was due him for overtime work performed under an oral agreement with the chief mate. The district court carefully assessed the record, which contained ample evidence that plaintiff had been paid all wages due him to the date he left ship. The only evidence to support plaintiff's wage claim was his own testimony; he presented no record of the alleged agreement or of the wages alleged to be due under it. As the court concluded, to find that plaintiff was entitled to the wages

1. The vessel left port before the suit was instituted and no process was ever served on it.

2. Subsection (a)(2) of § 8–81.2, relied upon by plaintiff to establish personal jurisdiction over defendant, provides:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

"* * *

"(2) Contracting to supply services or things in this State * * *."

Section 8–81.3(a) provides that when the exercise of personal jurisdiction is authorized by § 8–81.2, process may be served, inter alia, on the Secretary of the Commonwealth of Virginia.

he claimed would require a determination that, in addition to his regular working hours and three overtime hours per day, plaintiff had also worked ten more overtime hours each day he was on board ship. The district court's finding that plaintiff had not established a good faith wage claim is not clearly erroneous and must be affirmed. Rule 52(a), F.R.Civ.P.

■■ Process was also served on defendant pursuant to § 8–60.[3] jurisdiction under § 8–60 has been extended to the limits allowed by due process, see, e.g., *Moore-McCormack Lines, Inc. v. Bunge Corp.,* 307 F.2d 910, 914 (4 Cir. 1962); *Travelers Health Association v. Commonwealth,* 188 Va. 877, 51 S.E.2d 263 (1949), aff'd, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950); the controlling standard is therefore the constitutional test of "minimum contacts".[4] The district court concluded that defendant's contacts with Virginia were not sufficient to sustain service of process under § 8–60.

Plaintiff is a Greek citizen whose only connection with Virginia was a three-month hospitalization in a federal hospital in Norfolk. His cause of action arose outside of Virginia and his injuries have no connection with any of defendant's activities in Virginia. Where a plaintiff is a stranger to the forum state and his injuries did not occur in the state or arise out of the foreign corporation's activities in the state, the contacts between the corporation and the forum state must be fairly substantial before in personam jurisdiction over the corporation may be imposed without offending the no-

tions of fairness and justice inherent in due process. *O'Neal v. Hicks Brokerage Co.,* 537 F.2d 1266, 1268 (4 Cir. 1976); *Lee v. Walworth Valve Co.,* 482 F.2d 297, 299–300 (4 Cir. 1973); *Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745, 748 (4 Cir. 1971).

Defendant is a Panamanian corporation none of whose officers or stockholders is a United States citizen. Its sole contact with Virginia was the visit of the Olympic Pegasus to Norfolk between March 20 and 28, 1976. During that visit the vessel remained at anchor until March 26, when it began loading its cargo of soybeans before departure on the 28th. While in Norfolk, the vessel was assisted in and out of anchorage, took on water, was inspected by immigration and customs officials and by an insurance representative, had its propeller inspected, sent some crew members ashore for medical examinations and signed on one new crew member. These few activities deriving from a single visit of the vessel to Virginia do not amount to contacts sufficient to subject defendant to in personam jurisdiction in Virginia under § 8–60 with respect to a non-resident's cause of action arising outside of Virginia.

The judgment of the district court is AFFIRMED.

---

**3.** Section 8–60 provides in pertinent part:

"If a foreign corporation doing business in this State or a foreign corporation transacting affairs in this State has no registered agent in this State, process or notice may be served on any agent of such corporation in the city or county in which he resides or in which his place of business is or on the clerk of the State Corporation Commission. Service, when duly made, shall constitute sufficient foundation for a personal judgment against such corporation when other requisites exist."

**4.** See *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).