**Thacius ABRAHAM, Plaintiff-Appellant,**

v.

**UNIVERSAL GLOW, INC.,**
**Defendant-Appellee.**

No. 81–2455

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 30, 1982.

Provost, Umphrey, Doyle & McPherson, Gerald W. Eddins, Port Arthur, Tex., for plaintiff-appellant.

Royston, Rayzor, Vickery & Williams, Ted C. Litton, John M. Elsley, Houston, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and GAR-WOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

United States courts are seductive to injured foreign seamen for, under the Jones Act, liability can be established by showing slight negligence, trial by jury is available, the remedy is in tort instead of being limited by worker's compensation strictures, and verdicts are generous. Yet the federal courts are not an appropriate forum for the litigation of all of the claims of all of the world's seamen. Although the Jones Act extends a remedy to foreign as well as to United States seamen, the screen by which claims that should be litigated in domestic courts are separated from those that should, in the interests of justice, be decided in foreign courts is the inconvenient forum doctrine: the rule that, if the United States courts are more inconvenient than a foreign forum, the claim should be litigated in that other and less inconvenient court. Here, a foreign seaman attracted to an American court as the forum for his personal injury claim contends that he is not barred by the inconvenience of the forum because he also has a good faith claim for back wages, over which federal jurisdiction is mandatory. Because we are unable from the record to determine whether the seaman is indeed presenting a good faith claim for unpaid wages, we remand the case for further proceedings.

Abraham, a citizen of Sri Lanka, alleges that he was injured while working as a seaman aboard the M/V APPOLLON when the vessel was en route from Reserve, Louisiana, to Port Arthur, Texas. His original complaint alleged Jones Act and general maritime law jurisdiction. He subsequently amended his complaint to allege a cause of action for unpaid wages pursuant to 46 U.S.C. § 596 (1976).[1]

Finding that foreign law is applicable under the principles set forth in the *Lauritzen-Romero-Rhoditis* trilogy,[2] and a United States forum inconvenient under the additional considerations expressed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed.2d 1055, 1061 (1947), the district court dismissed the suit. The court found that the incident occurred in international waters, the ship was sailing under a foreign flag, the plaintiff and the defendant are foreign domiciliaries, the seaman's contract was executed on foreign soil, a foreign forum is available, and the defendant ship owner neither has a "base of operations" in the United States nor derives substantial revenue from the United States. The court's dismissal was appropriately conditioned on the defendant's submission to jurisdiction in an appropriate forum and its waiver of any defense relating to a statute of limitations. The memorandum order does not discuss the wage claim, and hence states no opinion concerning whether it was brought in good faith.

1. That statute provides:

The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; but this section shall not apply to masters or owners of any vessel the seaman of which are entitled to share in the profits of the cruise or voyage. This section shall not apply to fishing or whaling vessels or yachts.

2. *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953).

Abraham filed a motion to reconsider, arguing that, in the absence of bad faith, the district court was required to exercise its jurisdiction over his wage claim. The court denied the motion without written reasons.

■ "[J]urisdiction over a wage claim made in good faith under 46 U.S.C. § 596 is mandatory." *Dutta v. Clan Grahan*, 528 F.2d 1258, 1260 (4th Cir. 1975); *accord, Grevas v. M/V OLYMPIC PEGASUS*, 557 F.2d 65, 67 (4th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 515, 54 L.Ed.2d 456 (1977). The court in *Dutta* stated that, generally, if there is jurisdiction over the wage claim, the court should also entertain personal injury claims made in the same suit and dispose of the entire case on the merits. *Dutta*, 528 F.2d at 1260; *accord, Grevas*, 557 F.2d at 67; *see* G. Gilmore & C. Black, The Law of Admiralty 479 (2d ed. 1975).

■ The district court enjoys wide latitude in determining whether a wage claim is asserted in good faith. "Good faith" is, of course, as elusive here as it is in other contexts. *Id.* at 479; *accord, Morewitz v. Andros Compania Maritima, S.A.*, 614 F.2d 379, 381 (4th Cir. 1980). "A good faith issue presents a factual question and the district court's decision will not be disturbed unless it is clearly erroneous." *Id.* at 381–82.

In *Dorizos v. Lemos and Pateras, Ltd.*, 437 F.Supp. 120, 123–124 (S.D.Ala.1977), the district court, relying on *Mihalinos v. Liberian S.S. TRIKALA*, 342 F.Supp. 1237 (S.D. Cal.1972), declined jurisdiction over a wage claim, finding that the good faith requirement had not been met. Noting the potential for abuse in a rule requiring a court to assume jurisdiction over a seaman's suit whenever a wage claim is asserted, regardless of other considerations, the court stated that, when contacts with the country are minimal and the defendant denies liability for a wage claim, a plaintiff must come forward with evidence to establish that the claim was made in good faith. *Dorizos*, 437 F.Supp. at 123 (quoting *Mihalinos*, 342 F.Supp. at 1242).

■ The defendant asserts that its counsel, in argument before the district judge, asserted that the wage claim was not made in good faith and was filed in an effort to avoid dismissal as a result of a pending motion to dismiss; that its counsel advised the court that he had received a telex "from the vessel's interests" stating that all wages had been paid; and that Abraham never submitted any evidence of his wage claim or even made any specific allegations of fact to support his lone conclusory charge that wages were due and unpaid. The defendant further contends that Abraham's counsel was informed that the court would act on the motion to dismiss unless Abraham offered some proof of his claim and that five weeks passed without action by Abraham or his counsel. After the action was dismissed, the subsequent motion to reconsider was devoid of proof of good faith.

All of this may be correct, but the record contains nothing but the defendant's motion for dismissal, the judgment granting dismissal, Abraham's motion for reconsideration of the § 596 claim, and the district judge's denial of that motion without explanation. There is nothing in the record to show that the district judge even considered the wage claim, or if he did, his reasons for dismissing it.

Acting on so bare a record, we must remand the case. This does not preclude the defendant from raising the issue of good faith and proving the facts it asserts in its brief. If Abraham cannot controvert these facts or otherwise demonstrate his bona fides, dismissal would be proper. In the absence of some evidentiary basis in the record to contradict the allegations of the complaint, they must, however general, be accepted.

For these reasons, the judgment of dismissal is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

REVERSED and REMANDED.