Deborah **WEBSTER**, Plaintiff,

v.

**LONGFELLOW CRUISE LINE, INC.**, Defendant.

**Civ. No. 89–0215–P.**

United States District Court,
D. Maine.

Nov. 17, 1989.

Harold J. Friedman, John G. Connor, Portland, Me., for plaintiff.

Rita M. Farry, Portland, Me., for defendant.

## ORDER TO DISMISS COUNTS I AND II FOR LACK OF SUBJECT MATTER JURISDICTION

GENE CARTER, District Judge.

After a thorough review of the pleadings, the Court finds that the issue of subject matter jurisdiction is generated and, therefore, addresses that issue *sua sponte.* Plaintiff states in the pleadings that the Court's jurisdiction over this matter is based on admiralty law, pursuant to 28 U.S.C. § 1333. Counts I and II of Plaintiff's Verified Complaint are based entirely on state law and thus the Court finds that it does not have subject matter jurisdiction, pursuant to 28 U.S.C. § 1333, over these Counts. The Court does have subject matter jurisdiction over Counts III and IV since these counts are grounded on Plaintiff's claim alleged to be one for wages earned as a seaman aboard a vessel. Because it is inappropriate to exercise pendent jurisdiction over Counts I and II, those counts will be dismissed.

In Count I of Plaintiff's complaint, Plaintiff alleges that the corporate assets of Longfellow Cruise Line, Inc., which is in the business of providing boat tours, are being misapplied by the corporation. Plaintiff also maintains that the shareholders and directors of Longfellow Cruise Line, Inc. disagree as to how to manage the corporation. As a result of these alleged corporate difficulties, Plaintiff requests that the Court dissolve the corporation and liquidate its assets pursuant to state law, 13–A M.R.S.A. § 1115.

Plaintiff maintains in Count II of the complaint that the corporation is in poor financial condition with the imminent danger of having its assets foreclosed. In light of the alleged financial condition of the corporation, Plaintiff requests that the Court appoint a receiver pursuant to state law, 13–A M.R.S.A. § 1117.

The allegations set forth in Counts III and IV rest on Plaintiff's claim for wages earned, in part, as the result of work performed on the vessel LONGFELLOW II. In Count III, Plaintiff claims that she is owed $8,575 and demands that the Court enter judgment against Defendant in that amount in addition to costs, attorneys' fees, and interest. Plaintiff maintains in Count IV that she has a maritime lien on the vessel because of wages earned as a seaman, and requests that the vessel be seized, sold at public auction, and that she be paid out of the proceeds of the sale.

## DISCUSSION

In order for the Court to exercise its admiralty jurisdiction, the controversy must be one "to which the peculiar principles or remedies given by maritime law have any special application...." *Vandewater v. Mills*, 60 (19 How) U.S. 82, 92, 15 L.Ed. 554 (1856). In general, however, defining what is "maritime" is difficult. "The boundaries of admiralty jurisdiction over contract—as opposed to torts or crimes—being conceptual rather than spacial, have always been difficult to draw." *Kossick v. United Fruit Co.*, 365 U.S. 731, 735, 81 S.Ct. 886, 890, 6 L.Ed.2d 56 (1961).

■ Although it is difficult to set out definite rules concerning admiralty jurisdiction, it is well settled that the mere fact that a ship has been involved in a controversy is insufficient to bring the action within admiralty jurisdiction. *Luvi Trucking, Inc. v. Sea–Land Service, Inc.*, 650 F.2d 371, 373 (1st Cir.1981) *citing* E.E. Jhirad & A. Sann, 1 *Benedict on Admiralty* § 183 at 11–7–8 (6th ed. 1974); *Richard Bertram & Co. v. Yacht, Wanda*, 447 F.2d 966, 967 (5th Cir.1971). In order to for a claim to be maritime in nature, "there must be present a direct and proximate juridical link between the contract and the operation of the ship." *Luvi Trucking, Inc. v. Sea–Land Service, Inc.*, 650 F.2d 371, 373 (1st Cir.1981) *citing* E.E. Jhirad & A. Sann, 1 *Benedict on Admiralty* § 183 at 11–7–8 (6th ed. 1974). That a ship is the object of an agreement or that an agreement references a ship's business is insufficient to attract admiralty jurisdiction. *Id.*

■ Counts I and II in this action rest wholly on state business law. A party's fiduciary obligation not to waste corporate assets and to properly conduct the business of the corporation arise from the Maine Business Corporations Act. 13–A M.R.S.A. §§ 101, *et seq.* Thus, these counts do not require for their proper resolution the resort to doctrinal peculiarities of or the remedies provided by maritime law. Plaintiff's requested remedies (to place the corporation in receivership and to dissolve the corporation) are based exclusively on provisions of state law. 13–A M.R.S.A. § 1117.

The only maritime connection of these claims is that the primary corporate asset is a vessel and that the corporation is in the business of giving boat tours. This connection is merely incidental to the business issues raised by Counts I and II. Thus, the Court finds that Counts I and II are state claims, not claims under admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

■ Counts III and IV in this action are claims based on Plaintiff's wages earned as a seaman aboard the vessel LONGFELLOW II. Courts have treated seaman as wards of admiralty because their services are essential and their position precarious. *Payne v. SS TROPIC BREEZE*, 423 F.2d 236, 242, 241 n. 18 (1st Cir.1970). Many courts, in fact, consider jurisdiction over a seaman's good-faith wage claim mandatory. *Abraham v. Universal Glow, Inc.*, 681 F.2d 451, 453 (5th Cir.1982); *Dutta v. Clan Grahan*, 528 F.2d 1258, 1260 (4th Cir.1975). Thus, it is clear that the exercise of jurisdiction over Plaintiff's claims regarding seaman's wages is appropriate under 28 U.S.C. § 1333.

### Pendent Jurisdiction

■ If Counts I and II, although they raise no federal question, are linked to Counts III and IV by a "common nucleus of operative fact," the Court may exercise jurisdiction over Counts I and II pursuant to the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d

218, 228 (1966). Factors which consider in making this determination may include: whether the alleged state violations are similar to the federal violations; whether the facts necessary to prove the state claims are similar to those needed to prove the federal claims; or whether the state claims substantially predominate the federal claims. *See Pueblo International, Inc., v. De Cardona,* 725 F.2d 823, 826 (1st Cir.1984). Upon review of the facts in this case, the Court finds the power to exercise pendent jurisdiction does not exist because Counts I and II do not arise from a common nucleus of facts with Plaintiff's wage claim.

Counts I and II are disparate and independent of Plaintiff's claims for wages. The issues generated by the wage claim in this suit concern, *inter alia:* the work that was performed; whether there was an agreement to pay wages; whether wages, in fact, were paid and whether wages are due to Plaintiff under maritime law. In comparison, Counts I and II involve issues concerning the management of the corporation, the fiduciary duties of the directors and shareholders of the corporation, and the general financial condition of the corporation. Facts needed to prove Counts I and II are, necessarily, distinct from those needed to support Plaintiff's wage claim. The alleged misconduct in Counts I and II is separable from that involved in the maritime wage claims asserted in Counts III and IV. Therefore, pendent jurisdiction is not permissible since the state and federal claims are disparate and do not arise from a common nucleus of facts.

■ Even if the Court had the power to exercise pendent jurisdiction, it would not do so in this case.[1] In making its determination whether to exercise pendent jurisdiction, the Court may consider judicial economy, convenience, and fairness to the litigants. *Pueblo International, Inc. v. De Cardona,* 725 F.2d 823, 826 (1st Cir.1984). The Court finds no doctrinal consideration or issue of fact or law that militates against dismissing Counts I and II as a matter of convenience or fairness. While splitting this litigation may not economize judicial time, the Court finds that notions of federal-state comity counsel leaving Counts I and II for state court adjudication.

Counts I and II are based on state law. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. In order to analyze Counts I and II, a court must interpret the Maine Business Corporations Act. Maine has great interest in seeing that issues concerning Maine corporations are resolved consistently with legislative and judicial policies that inhere in state substantive law. Thus, the Court finds that these claims are appropriately to be handled by the courts of the state of Maine.

Accordingly, it is ORDERED that Counts I and II of this case be, and they are hereby, DISMISSED. A scheduling order shall issue herein with respect to processing of Counts III and IV.

---

1. It is well settled that a court has the discretion to determine when it is appropriate to exercise its power of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966). "Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.*