**PUEBLO INTERNATIONAL, INC., et al., Plaintiffs,**

v.

**Hector Reichard DE CARDONA, et al., Defendants.**

**Civ. No. 82–3064(PG).**

United States District Court, D. Puerto Rico.

April 28, 1983.

Andres Salas Soler, Rio Piedras, P.R., Luis Dávila Colón, Hato Rey, P.R., Robert H. Morse, and Morris R. Garfinkle, Galland, Kharasch, Calkins & Morse, P.C., Washington, D.C., for plaintiffs.

Eduardo L. Buso, Dept. of Justice, and Gloriana Ruiz, San Juan, P.R., for defendants.

Marisa Brugueras, and Luis F. Castillo, Hato Rey, P.R., for League of Women Voters, Awilda Morales and E. Gonzalez.

Eduardo E. Ortíz, Humacao, P.R., for intervenor Supermercados Cooperativos del Este.

---

12. *See Rosenbloom v. Metromedia, Inc.,* 403 U.S. at 52, 91 S.Ct. at 1824.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Pueblo International, Inc., a Delaware corporation, doing business in Puerto Rico under the name of Supermercados Pueblo, and Jorge Luis Rodríguez Huertas, a resident of San Juan, Puerto Rico, filed this action in the Superior Court of Puerto Rico, Humacao Part, on November 17, 1982. The defendants are officers of the Commonwealth of Puerto Rico who allegedly have the responsibility of putting into effect and enforcing the Puerto Rico Closing Law, 33 L.P.R.A. 2201 et seq. The complaint alleges that the Closing Law "under pretense of legislative authority imposes penal sanctions of fine or jail for any violation of it, thus preventing Pueblo International, Inc., to operate its business during the hours and days ponted (sic) out, deprives Jorge Luis Rodríguez from exhorting those hours and deprives the consumers who wolk (sic) every day fulltime, form (sic) doing their shopping on the only time they have available." Plaintiffs pray for a declaratory judgment rendering unconstitutional the Puerto Rico Closing Law and for a provisional and permanent injunction prohibiting defendants from putting into effect said law and from processing the plaintiffs for alleged violation of the same.

On December 17, 1982, defendants filed a Verified Petition for Removal, a memorandum in support thereof, and the bond for removal. Plaintiffs, on February 4, 1983, filed a motion to remand the case to the state court and/or to abstain. Subsequently, on March 18, 1983, plaintiffs filed two other motions: one, for Dismissal of Removal Petition for Lack of Subject Matter Jurisdiction and/or Abstention, and the other, a Supplementary Memorandum of Law Based on the Younger Doctrine. Defendants filed an opposition to plaintiffs' motion to dismiss on April 7, 1983. These motions present two issues for resolution. First, is the case properly removable under Section 1441 of Title 28 of the United States Code; second, does the exclusive jurisdiction of the antitrust claim alleged in the complaint prevent removal.

In support of their removal, defendants, in their motion, rely on Section 1441(a) and (b). However, in their opposition to plaintiffs' motion to dismiss, defendants claim that this Court has jurisdiction over the entire case pursuant to Section 1441(c) of Title 28, United States Code.[1] Said section provides:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Plaintiffs, in support of remand, assert that removal is barred by the Sherman Act, 15 U.S.C. § 1 et seq. Plaintiffs further contend that since removal jurisdiction is derivative and the state court has no jurisdiction of the federal claim under the Sherman Act because federal district courts have exclusive jurisdiction over such cases, the federal court under the rule established in *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922), could not acquire jurisdiction upon removal of the Sherman Act claim.

Plaintiffs allege as alternative that the Court should abstain under the principles of the Younger Doctrine. The Court will not consider at this moment this second alternative since we are going to certify this order as appealable under 28 U.S.C. § 1292(b). If the First Circuit Court of Appeals rules that removal was proper, then we will entertain the issue of abstention.

A review of the complaint shows that plaintiffs raise a number of claims which implicate questions of federal law. Plaintiff Pueblo's complaint at the time the peti-

---

1. Defendants misquoted Section 1441(c) as Rule 144(c).

tion for removal was filed [2] sets forth four alternative theories to render unconstitutional the provisions of the Closing Law of Puerto Rico:

(a) that the closing law unduly interferes with interstate commerce;

(b) that the closing law unreasonably limits free enterprise in violation of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2) and Sections 258 and 260 of the Puerto Rico Antimonopolistic Legislation (10 L.P.R.A. 258, 260);

(c) that the closing law deprives Pueblo of its rights to liberty, property, due process of law and equal protection embodied in the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico;

(d) that all of the above rights are protected in Puerto Rico by the Civil Rights Act of the United States (42 U.S.C. § 1983) and by the Civil Rights Act of Puerto Rico (32 L.P.R.A. 3524).

Plaintiff Jorge Luis Rodríguez Huertas' pleadings set forth other theories to render unconstitutional the provisions of the Closing Law of Puerto Rico:

(a) that the closing law limits plaintiff's constitutional right to live and earn a daily living, in violation of Article 2, Section 7 of the Constitution of Puerto Rico, and the First, Fifth and Fourteenth Amendments to the Constitution of the United States;

(b) that the closing law deprives plaintiff of his right to "freely choose his occupation, to receive equal pay for equal work, and to earn a living by rendering serviced paid in are (sic) extraordinary capacity", in violation of Article 2, Section 16 of the Constitution of Puerto Rico, and the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

■ We have to ascertain whether the claims asserted by plaintiff Pueblo against defendants are separate and independent of the claims asserted by plaintiff Jorge Luis Rodríguez against the same defendants. If some of the independent claims found in the case are removable, the whole case can be removed pursuant to Section 1441(c).

1A Moore's Federal Practice, Par. 0.163(4–5), at 268, states:

"(W)here twice or more plaintiffs join in one action to sue one or more defendants, separate and independent claims may or may not be present. If the plaintiffs for example are suing to enforce a right held jointly by them, they are not asserting separate claims. If, on the other hand, the plaintiffs, having joined in the action because of a common question of law or fact, are proceeding to enforce rights that are individual to them, then the action involves separate and independent claims for removal purposes."

The Supreme Court, in *American Fire Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), defined the term cause of action as used in Section 1441(c):

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. Thus, we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." *Id.,* at 14, 71 S.Ct. at 540.

According to the First Circuit Court of Appeals, what finally governed the Court's decision in *Finn,* was "the singularity of the harm the plaintiff sought to remedy, not the several reasons she gave to show her legal entitlement to that remedy". *New England Concrete Pipe Corp. v. D/C Systems of N.E., Inc.,* 658 F.2d 867, 872 (1 Cir.,1981).

In the *New England Concrete Pipe* case a subcontractor brought an action to recover for materials and labor supplied to a housing project. Unlike the case at bar, no basis existed therein for original federal subject matter jurisdiction. The dispute did not implicate any question of federal

---

**2.** Plaintiff's pleadings at the time the petition for removal was filed control the definition of the claims at issue. *Pullman Co. v. Jenkins,*

305 U.S. 534, 537, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939).

law, and the diversity of citizenship between the plaintiff and the defendants was far from complete. The Court of Appeals held that regardless of the number of theories of recovery of "claims" asserted in the complaint, when what the complaint demanded was compensation for a single wrong, i.e., failure to pay for the work performed pursuant to a subcontract, there was no separate and independent claim or cause of action which would be removable if sued upon alone within the meaning of Section 1441(c), and thus the district court lacked jurisdiction.

However, in this case, although there are a number of theories of recovery or "claims" asserted in the complaint by plaintiffs, the closing law constitutes a wrong personal to each plaintiff. As to Pueblo, the single wrong is that the law prevents Pueblo from operating its business during week days after 6:00 P.M., legal holidays and Sundays, during hours expressly prohibited by the statute. The single wrong to the individual Rodríguez Huertas is that said law deprives him of his right to work. Thus, the wrong personal to each plaintiff gives rise to separate and independent claims or causes of action in favor of each plaintiff, which are removable if sued upon alone because of federal question jurisdiction. Plaintiffs' claims against the defendants did not arise from a single wrong, but arose from two separate and independent wrongs.

■ The only remaining question is whether exclusive jurisdiction over the federal antitrust claim bars removal, assuming the requirements of Section 1441(c) are otherwise satisfied. This question appears to be one of first impression in this district and in the First Circuit Court of Appeals although a few cases have considered similar questions with relation to Labor-Management Relations Act claims [3] and similar questions arising under statutes which have specific non-removal provisions.[4] See 1A Moore's Federal Practice, Par. 0.163(4–7).

In support of their motion to remand, plaintiffs cite various cases, none of which mentions the existence of a separate and independent claim which would be removable if sued upon alone, even less mentions Section 1441(c). In *State of Washington v. American League of Prof. Base. Clubs,* 460 F.2d 654 (9 Cir.1972), the court lacked subject matter jurisdiction on removal of federal antitrust claims which were inseparately intertwined with state claims arising out of the same set of facts as the antitrust claims and which were accompanied by other separately stated claims that were not federal claims. *Lambert Co. v. Balt. & Ohio R.R. Co., supra,* is a suit to set aside an order of the Interstate Commerce Commission in which the United States is an indis-

**3.** In *Suissa v. American Export Lines, Inc.,* 507 F.2d 1343, n. 7 (2 Cir.1974), the court held that the case was removable pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and further held that the fact that plaintiff may also have had a right to pursue an otherwise non-removable claim for penalty wages under 46 U.S.C. § 596 does not bar a federal court from entertaining the entire controversy since 28 U.S.C. § 1441(c) specifically provides for removal of cases where removable and non-removable claims are joined in one action. (28 U.S.C. § 1335 provides exclusive jurisdiction of any action for recovery or enforcement of a penalty incurred under any Act of Congress.)

**4.** See e.g. *U.S. Industries, Inc. v. Gregg,* 348 F.Supp. 1004 (D.C.Del.1972), rev'd on other grounds, 540 F.2d 142 (3 Cir.1976) (held that while the Securities Act claims were not removable under § 1441(a) because of the non-removable provision of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., they were removable under Section 1441(c)); *Emery v. Chicago,* 119 F.Supp. 654 (S.D.Iowa, 1954) held that while the Federal Employers' Liability Act (FELA) claims were not removable under Section 1441(a) because 28 U.S.C. § 1445(a) expressly prohibits removal from state to federal court of FELA cases, plaintiff had waived his right to invoke Section 1445(a) when he joined a separate and independent claim with the otherwise non-removable FELA claim; *Hages v. Aliquippa & Southern Railroad Co.,* 427 F.Supp. 889 (W.D.Pa.1977) (held that where the claim under the Federal Employers' Liability Act (FELA) was joined with a separate and independent removable claim, the defendant could remove his FELA claim from the state court and thereafter the federal district court had pendent jurisdiction of the FELA cause of action.).

pensable party who has not consented to be sued in state courts. The Supreme Court held that if upon removal the state court lacked jurisdiction of the subject matter of the parties, the federal court acquired none although it might in a like suit originally brought there have had jurisdiction. *General Inv. Co. v. Lake Shore Ry.*, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922) involved a suit to enjoin a proposed consolidation of certain railroad companies because it would contravene the Sherman Anti-Trust Act, the Clayton Act (15 U.S.C. § 12, et seq.), the Constitution, and the laws of Ohio and other States. Said suit was removed from the state court to the federal court. The Supreme Court dismissed without prejudice so much of the suit as based the right to relief on asserted violations of the Sherman Act and the Clayton Act since the Supreme Court held that the right to maintain suits to enjoin such violations is one of exclusive jurisdiction.

The general removal statute, Section 1441(a) and (b), is keyed to original jurisdiction. Subsection (c) is not geared to the district court's original jurisdiction. Under subsection (c), removal jurisdiction is broader than original jurisdiction since subsection (c) provides that whenever a separate and independent claim which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims, the entire case may be removed. 1A Moore's Federal Practice, Par. 0.157(5).

A literal reading of section 1441(c) discloses that said section does not make a distinction between the classes of suits "otherwise non-removable", i.e., those non-removable because they are not within the original jurisdiction of the federal district courts; those which although dealing with federal questions, are made non-removable by act of Congress; and those which although dealing with federal questions are non-removable because of exclusive jurisdiction in the federal courts.

■ The Court concludes that in a case where a separate and independent claim

which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims, whether made non-removable by exclusive jurisdiction in the federal courts, Section 1441(c) authorizes removal of the entire case.[5]

The Court hereby certifies this Opinion and Order as appealable pursuant to 28 U.S.C. § 1292(b). The Court is of the opinion that this Opinion and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation since it is a question of whether the Court has jurisdiction upon removal over the complaint.

In view of the above, the Court hereby DENIES plaintiffs' motion to remand this case to state court.

IT IS SO ORDERED.

---

**5.** The plaintiff is the master of his case, and should he desire to keep his case in state court, he could base his claim squarely on state law rather than assert parallel federal rights.