**PUEBLO INTERNATIONAL, INC., et al., Petitioners, Appellants,**

v.

**Hector Reichard DE CARDONA, et al., Respondents, Appellees.**

**No. 83–1421.**

United States Court of Appeals, First Circuit.

Argued Nov. 8, 1983.

Decided Jan. 26, 1984.

Luis R. Davila-Colon, Hato Rey, P.R., for petitioner, appellant Jorge Luis Rodriguez Huertas.

Marisa Brugueras, Rio Piedras, P.R., for appellant League of Women Voters.

Andres Salas Soler, Rio Piedras, P.R., on brief for Pueblo Intern., Inc.

Robert H. Morse, Washington, D.C., with whom Gerardo Mariani, Asst. Sol. Gen., San Juan, P.R., Olga Boikess, Morris Garfinkle, and Galland, Kharasch, Calkins & Morse, P.C., Washington, D.C., were on brief, for respondents, appellees.

Before COFFIN, Circuit Judge, RO-SENN,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Plaintiffs appeal from a district court order, 562 F.Supp. 843, removing their case against Puerto Rico officials from Commonwealth, to federal, court. We agreed to review this interlocutory order "not otherwise appealable" after having accepted the district court's certification that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal ... may materially advance ... the litigation ...." 28 U.S.C. § 1292(b).

Plaintiffs originally filed a complaint in Commonwealth court attacking the legality of the Commonwealth laws requiring certain businesses to close on Sundays and holidays and to limit their hours on Fridays and Saturdays. The complaint stated that these laws violate 1) the Commerce Clause, the Fourteenth Amendment, and various other parts of the federal Constitution; 2) various related parts of the Commonwealth Constitution; 3) the federal antitrust laws, 15 U.S.C. §§ 1, 2; 4) Puerto Rico's antitrust laws, 10 L.P.R.A. §§ 258, 260; 5) federal civil rights statutes, such as 42 U.S.C. § 1983; and 6) related Commonwealth civil rights statutes, such as 32 L.P.R.A. § 3524. The complaint sought a declaratory judgment and an injunction against enforcing officials. The defendants removed the case to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. The federal district court then issued an order denying the plaintiffs' motion to remand the case to the Commonwealth courts.

The district court justified its refusal to remand by relying on 28 U.S.C. § 1441(c), which allows a district court to remove an entire case "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action...." *Id.* We have recently explored in detail the history of this subsection, which was enacted primarily with diversity cases in mind. *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983). We need not reenter the thicket of intricate legal questions surrounding its application to federal question cases, like the present one, because there is a far less controversial statutory basis for removal, namely, 28 U.S.C. § 1441(b). On the basis of this provision, we affirm the district court's order. *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (decision of lower court must be affirmed if result is correct, whether or not reasoning is correct).

■ Section 1441(b) allows the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States ...." 28 U.S.C. § 1441(b). It is well-settled that under this subsection pendent state claims may be removed along with genuine federal questions. *Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d at 4, 11; *Brough v. United Steelworkers of America,* 437 F.2d 748, 750 (1st Cir. 1971); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3722, at 572–73 (1976). Thus, we need consider only two questions: Does the complaint raise a genuine federal question? If so, is pendent jurisdiction over the Commonwealth claims appropriate?

■ The answer to the first question is evident. The complaint sets forth several removable questions. The elements of each federal claim appear on the face of the complaint itself. *Phillips Petroleum Co. v. Texaco Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974) (per curiam); *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936); *Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d at 3. Each federal claim is disputed and could by itself warrant relief. *See Gully v. First National*

* Of the Third Circuit, sitting by designation.

*Bank,* 299 U.S. at 112, 57 S.Ct. at 97. And, most of the federal claims are not "so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Hagans v. Lavine,* 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974) (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974)); *Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d at 4; *see Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

 The answer to the second question is also 'yes.' A district court has the *power* to hear state claims linked to a federal claim by a "common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Commonwealth claims allege violations of provisions very similar to those contained in the federal Constitution and in federal statutes. The facts necessary to prove a violation of the one are practically the same as those needed to prove a violation of the other.

 In deciding whether the district court should *exercise* its power to retain jurisdiction over the Commonwealth claims, we look to "considerations of judicial economy, convenience, and fairness to the litigants." *Mayor of Philadelphia v. Educational Equality League,* 415 U.S. 605, 627, 94 S.Ct. 1323, 1336, 39 L.Ed.2d 630 (1974) (quoting *United Mine Workers v. Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139). These factors strongly favor the assertion of the court's jurisdictional power here—to the point where, in keeping with the practical approach of *Gibbs,* we may simply affirm the district court's jurisdictional decision in favor of retention.

It is evident from the pleadings and the record that Commonwealth issues do not "substantially predominate." *United Mine Workers v. Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. The related federal issues are significant (for the most part). The Commerce Clause claim involves the federal pre-emption doctrine, a factor weighing significantly in favor of retention. *Id.* at 727, 86 S.Ct. at 1139. And, we can find no litigation-related fact that—as a matter of economy, convenience, or fairness—would warrant splitting this litigation into two totally separate parts not subject to unified control.

Appellants argue against this conclusion on the ground that the district court should "abstain" from deciding the Commonwealth questions, allowing the Commonwealth courts to do so, and thereby possibly avoid deciding a question of federal constitutional law. *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). This may be so. But the issue here is the appropriateness of deciding the abstention question *now* in a jurisdictional context. In our view, it does not make sense *in this case* to import "abstention" considerations into the discretionary "pendent jurisdiction" decision. For one thing, once the district court has removed the Commonwealth portion of the case, it can still abstain. Indeed, it can certify the Commonwealth questions to the Supreme Court of Puerto Rico for resolution. *Reyes-Cardona v. J.C. Penney Co., Inc.,* 694 F.2d 894, 897 (1st Cir.1982); *Pan American Computer Corp. v. Data General Corp.,* 112 D.P.R. ——, 82 J.T.S. 78 (May 14, 1982); P.R.R.Civ.P. 53.1(c); P.R.Sup.Ct.R. 27. This method of securing the Commonwealth's views would seem preferable here to remanding to the lower Commonwealth courts, for it would provide a more authoritative Commonwealth view with greater expedition. *See Bellotti v. Baird,* 428 U.S. 132, 150–51, 96 S.Ct. 2857, 2867–68, 49 L.Ed.2d 844 (1976). For another thing, the district court expressly reserved the *Pullman* issue and the parties did not fully brief it on appeal. The district court should be given an opportunity to decide it before we do. Thus, we believe it inappropriate to decide the *Pullman* abstention issue in the context of a § 1441(b) argument. In our view, the district court properly left the abstention issue for separate consideration.

Appellants make two other arguments against removal under § 1441(b); but they are without merit. They point to a district court case, *Salveson v. Western States Bankcard Association,* 525 F.Supp. 566 (N.D.Cal.1981), where the court wrote that "where Congress has provided for concurrent jurisdiction in state and federal courts, the claim may be asserted in either court and removal on the basis of federal question jurisdiction is precluded." *Id.* at 573 (footnote omitted). This language would seem to refer to the situation in which Congress *specifically states,* in creating a federal claim, that it is enforceable in state, as well as federal, court. Whether or not this language correctly states the law, *see* 14 C. Wright, A. Miller & E. Cooper, *supra,* § 3729, at 252–56 (Supp.1983) and cases there cited, it has no application here, where Congress has not expressly said that appellants have a right to enforce their federal claims in state court. Read as appellants wish to read the language—to mean that removal is precluded whenever a federal right is enforceable in a state court (as well as in federal court)—the language would mean the end of federal question removal jurisdiction.

■ Appellants also argue that removal was improper because the appellees cannot waive the Commonwealth's immunity to suit in the federal courts. This case, however, involves injunctive and declaratory relief, not damages. The Eleventh Amendment does not apply to this situation. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

We wish to point to other matters that may become relevant on remand. First, we are aware of the language in *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), to the effect that claims "completely devoid of merit" do not "involve a federal controversy." *Id.* at 543, 94 S.Ct. at 1382. And we are also aware that a certain number of claims made in the complaint arguably fall in that category. Again, however, we read *Hagans, Gibbs,* and related cases as based (once federal *power* to hear the case is established) on practical considerations designed to expedite litigation. Any potentially frivolous claims here are joined with other federal claims that are not frivolous. No one here argued frivolousness in this jurisdictional context. Thus, the procedurally sensible way for the district court to separate out claims "completely devoid of merit" is through "merit-testing" motions made, for example, under Fed.R.Civ.P. 12(b)(6), not to reopen jurisdictional questions.

■ Second, the complaint also makes certain antitrust claims. A considerable line of authority holds, for conceptual reasons, that a federal district court does not have removal jurisdiction over a claim that the state court lacked subject matter jurisdiction to decide in the first place. *Freeman v. Bee Machine Co.,* 319 U.S. 448, 449, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509 (1943); *General Investment Co. v. Lake Shore & M.S. Ry.,* 260 U.S. 261, 288, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922); *Lambert Run Coal Co. v. Baltimore & O.R.R.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); *Aminoil U.S.A., Inc. v. California State Water Resources Control Board,* 674 F.2d 1227, 1232 (9th Cir.1982); 14 C. Wright, A. Miller & E. Cooper, *supra,* § 3722, at 574. Since the Sherman Act provides for exclusive jurisdiction in the federal courts, *General Investment Co. v. Lake Shore & M.S. Ry.,* 260 U.S. at 287, 43 S.Ct. at 117; *Feldman v. Gardner,* 661 F.2d 1295, 1303 (D.C.Cir.1981), *vacated on other grounds,* —— U.S. ——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Commonwealth courts lack subject matter jurisdiction. The district court, then, properly removed the federal antitrust claims, but it must now dismiss them for lack of jurisdiction. *Lambert Run Coal Co. v. Baltimore & O.R.R.,* 258 U.S. at 382, 42 S.Ct. at 351; 14 C. Wright, A. Miller & E. Cooper, *supra,* § 3722, at 574.

The order of the district court is

*Affirmed.*