**John DALEY, d/b/a Abitronics, Plaintiff, Appellant,**

v.

**TOWN OF NEW DURHAM, N.H., et al., Defendants, Appellees.**

**No. 83–1576.**

United States Court of Appeals, First Circuit.

Argued Feb. 10, 1984.

Decided April 27, 1984.

Alfred J.T. Rubega, with whom Levine & Rubega, P.C., Sanbornville, N.H., was on brief, for appellant.

Andrew D. Dunn, Manchester, N.H., with whom Devine, Millimet, Stahl & Branch, Manchester, N.H., was on brief, for appellee Union Telephone Co.

Alan R. Kusinitz, Manchester, N.H., with whom James W. Donchess, and Wiggin &

Nourie, Manchester, N.H., were on brief, for appellees Town of New Durham, N.H., Dean Stimpson, Harry Nutter, Eloise Bickford, and Lucien Leveille.

Before COFFIN and ALDRICH, Circuit Judges, and GIGNOUX,* Senior District Judge.

GIGNOUX, Senior District Judge.

This case arises out of the decision of the Board of Selectmen of the Town of New Durham, New Hampshire, to award an exclusive cable television franchise to defendant Union Telephone Co., rather than to appellant John Daley, owner of Abitronics, a telecommunications company interested in expanding into the cable television field.

Daley originally brought suit against the Town of New Durham, Union Telephone Co., and four selectmen of the town, in the Strafford County, New Hampshire, Superior Court in the fall of 1982. In the first two counts of the complaint, Daley alleged that the defendants, by awarding an exclusive cable television franchise to Union Telephone Co., engaged in a conspiracy to restrain and to monopolize the cable television business in the Town of New Durham in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. In the third count, Daley alleged a civil rights conspiracy under 42 U.S.C. §§ 1983 and 1985(3) based on the assertion that the defendants' conduct in granting the exclusive franchise deprived him of his property without due process of law. In two final counts, Daley asserted state law claims against the town and the selectmen for breach of fiduciary duty and for defamation.

Defendants timely removed Daley's action to the United States District Court for the District of New Hampshire, pursuant to the federal removal statute, 28 U.S.C. § 1441(b). The district court, after hearing, granted defendants' motions to dismiss all five counts of the complaint for failure to state a cause of action. We affirm the district court's dismissal of Count III for

failure to state a cause of action, but we remand the action to the district court with directions to dismiss Counts I and II for want of jurisdiction and to remand Counts IV and V to the Strafford County, New Hampshire, Superior Court.

*The Antitrust Claims*

The district court dismissed the Sherman Act claims in Counts I and II of Daley's complaint on the ground that the grant of an exclusive franchise was expressly authorized by 1A N.H.Rev.Stat.Ann. § 53–C:3 (Supp.1983), and therefore was immune from antitrust scrutiny under the "state action" exemption enunciated by the Supreme Court in *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), and *City of Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978). *Cf. Community Communications Co. v. Boulder*, 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982).

■ We do not, however, reach the merits of the district court's ruling because we have concluded that these antitrust claims must be dismissed for lack of jurisdiction. As we have recently observed in *Pueblo International, Inc. v. Cardona*, 725 F.2d 823 at 827 (1st Cir.1984), a federal district court acquires no removal jurisdiction over a claim that the state court initially lacked subject matter jurisdiction to decide. *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509 (1943); *General Investment Co. v. Lake Shore & M.S. Ry.*, 260 U.S. 261, 288, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922); *Lambert Run Coal Co. v. Baltimore & O. R.R.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3722, at 574 (1976). Because the Sherman Act provides for exclusive jurisdiction in the federal courts, *General Investment Corp. v. Lake Shore & M.S. Ry.*, 260 U.S. at 287, 43 S.Ct. at 117; *Pueblo International, Inc. v. Cardona*, 725 F.2d at 827, the New Hampshire Superior Court lacked subject matter jurisdic-

* Of the District of Maine, sitting by designation.

tion over Daley's Sherman Act claims. Nor can the parties cure a defect in subject matter jurisdiction by waiver or consent; without subject matter jurisdiction, the court has no power to hear and decide the case. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951); *New England Concrete Pipe Corp. v. D/C Systems of New England, Inc.,* 658 F.2d 867, 874 (1st Cir.1981); 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1393 (1969). Although the federal antitrust claims were properly removed, the district court must now dismiss them for lack of jurisdiction. *See Lambert Run Coal Co. v. Baltimore & O. R.R.,* 258 U.S. at 382–83, 42 S.Ct. at 351; *Pueblo International, Inc. v. Cardona,* 725 F.2d at 827; 14 C. Wright, A. Miller & E. Cooper, *supra,* § 3722 at 574.

*The Civil Rights Claims*

█ We agree with the district court that the civil rights claims under 42 U.S.C. §§ 1983 and 1985(3) in Count III of Daley's complaint fail as a matter of law to state claims for relief.[1]

█ Count III fails to state a Section 1985(3) cause of action because there is no allegation of a conspiracy motivated by a racial, or "otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Hahn v. Sargent,* 523 F.2d 461, 468–69 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Harrison v. Brooks,* 519 F.2d 1358 (1st Cir.1975).

█ Daley's Section 1983 claim is also fatally flawed. The basis of this claim is an allegation that defendants' failure to give Daley notice and an opportunity to bid for the cable television franchise deprived him of a property right in violation of his Fourteenth Amendment right to procedural due process. It is settled law that the requirements of procedural due process apply only when state action deprives a person of a liberty or property interest protected by the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Daley does not suggest that he was deprived of a liberty interest. He alleges a deprivation of property based upon his disappointed expectation that he might be awarded a cable television franchise. To have a property interest in a benefit, a person must have a legitimate claim of entitlement under state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. New Hampshire law, however, recognizes no protected property interest in a person's abstract need or desire for a benefit. *Brown v. Bedford School Board,* 122 N.H. 627, 630, 448 A.2d 1375, 1376 (1982).[2] Daley has not shown any legitimate entitlement to the cable television franchise. His unilateral expectation of obtaining a franchise does not rise to the level of a property interest protected by the Fourteenth Amendment.

*The State Law Claims*

In Counts IV and V of the complaint, Daley asserts claims based wholly upon

---

1. Despite its lack of jurisdiction over the antitrust claims, the civil rights claims in Count III raise genuine federal questions over which the district court had removal jurisdiction under 28 U.S.C. § 1441(b). *See Pueblo International, Inc. v. Cardona,* 725 F.2d at 825–827.

2. In an attempt to establish a property interest under New Hampshire law, Daley contends that New Hampshire law broadly defines property, since the New Hampshire Constitution provides that all men have certain "natural" rights, including the right to acquire and possess property. N.H. Const., pt. 1, art. 2. The cases cited by

Daley do not support his argument. In *Woolf v. Fuller,* 87 N.H. 64, 174 A. 193 (1934), the New Hampshire Supreme Court held the application of a statute regulating itinerant vendors to the owner of an established business was unreasonably discriminatory. In *State v. Ramseyer,* 73 N.H. 31, 58 A. 958 (1904), the New Hampshire court struck down a criminal statute prohibiting the use of trading stamps by merchants as applied to a retailer already engaged in that business on the ground that it arbitrarily deprived the retailer of a cognizable property right.

state law. In Count IV, he advances the novel proposition that the Town of New Durham and its selectmen may be liable under New Hampshire law for breach of a fiduciary duty to the residents of the town, including Daley, to act in good faith in the allocation of cable television franchises. In Count V, he alleges that defendant Lucien Levielle, the Chairman of the Cable Television Franchise Committee of the Board of Selectmen, defamed Daley when he allegedly told a local newspaper reporter that "the committee was not sure of Daley's financing."

In view of our disposition of Counts I, II and III of Daley's complaint, the district court must remand Counts IV and V to the state court because there is no source of federal jurisdiction sufficient to support the exercise of jurisdiction over the state law claims. 28 U.S.C. § 1441(c); 1A Moore's Federal Practice ¶ 0.169[1]. Since the district court acquired no subject matter jurisdiction over the federal antitrust claims by removal, Counts I and II provide no predicate for pendent jurisdiction. Nor does Count III, which asserts an insubstantial civil rights claim based upon federal law, constitute a claim sufficient to support jurisdiction over the state law claims. In the absence of unusual circumstances, district courts should decline to recognize pendent jurisdiction in cases where all federal claims have been dismissed prior to trial. *See, e.g., United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Ingram Corp. v. McDermott & Co.,* 698 F.2d 1295, 1317–20 (5th Cir.1983); *Nolan v. Meyer,* 520 F.2d 1276, 1280 (2nd Cir.) *cert. denied,* 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567, at 451–52 (1975).

Since the district court had no jurisdiction over the antitrust claims, the proper course for the district court once it found Daley's civil rights claim insubstantial as a matter of law would have been to remand the state law claims to the state court.

*The district court's dismissal of Count III for failure to state a cause of action is affirmed. The action is remanded to the district court with directions to dismiss Counts I and II for want of jurisdiction and to remand Counts IV and V to the Strafford County, New Hampshire, Superior Court.*