**OFFICE MACHINES SPECIALISTS, INC., Plaintiff,**

v.

**Carmen Sonia ZAYAS, Secretary of the Social Services Department; Lucy Morales, Purchasing Officer of the Social Services Department, Defendants.**

**Civ. No. 88–1684 (JAF).**

United States District Court, D. Puerto Rico.

Nov. 17, 1988.

Paulita C. Maldonado–Nicolau, San Juan, P.R., for plaintiff.

José R. Garcia–Pérez, San Juan, P.R., Pedro A. del Valle–Ferrer, Director, Federal Litigation Div., Dept. of Justice, Com. of P.R., Héctor Rivera–Cruz, Secretary of Justice, for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before the court on an order to show cause why plaintiff's suit under 42 U.S.C. § 1983 should not be dismissed for failure to state a cognizable cause of action.

Plaintiff, a corporation organized under the laws of Puerto Rico, is apparently engaged in the sale of office equipment. Defendants are the Secretary of the Social Services Department of the Commonwealth of Puerto Rico and the Purchasing Officer of said department. Plaintiff alleges that its equal protection and due process rights were violated under the color of state law when defendants failed to include plaintiff in an invitation to bid for the purchase of various typewriters, typewriter ribbons, calculators, and other office equipment.

The issue in this case as we see it is whether plaintiff had a constitutionally-protected property interest in being included in the bid in question. Property rights are not created by the Constitution but "are created and their dimensions are defined by existing rules and understandings that extend from an independent source such as state law." *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Without a state-created property interest, plaintiff has no claim of constitutional violation and thus no section 1983 cause of action. *See Daley v. Town of New Durham,* 733 F.2d 4, 7 (1st Cir.1984).

We can find no expectancy on plaintiff's part sufficient to constitute a property interest in this case. This is so largely because here the invitation to bid was issued pursuant to Law 164, 3 L.P.R.A. §§ 931 *et seq.,* which empowers the General Services Administrator to authorize Commonwealth agencies, in certain emergency situations, to curtail the formal bidding procedure and purchase either in the open market or through a streamlined informal bidding process. *See* Acquisitions Regulation of the General Services Administration No. 6, Articles 28, 51.4, and 70.1. Here, the funds to be used to purchase office equipment would expire before the formal bidding process could be arranged, and such a circumstance constitutes an emergency under the Acquisitions Regulations of the General Services Administration. Thus, under the appropriate laws and regulations of Puerto Rico, defendants were not required to invite everyone included in the Bidders Registry as plaintiff contends, but needed only to invite those suppliers so as to expediently effectuate the acquisition under an emergency situation. *See* Delegate and Buyers' Regulation No. 7, Articles 42.3, 43.3, and 44.3 and 4. Given the foregoing, plaintiff cannot claim a property right in being invited to bid for this particular transaction.[1]

Without a recognized property interest, plaintiff has, at best, a claim against a state agency for abuse of its administrative discretion. We decline to elevate a mere administrative abuse to constitutional proportions, for to do so would in effect be to federalize this area of state law. *C.f., Estate of Gilmore v. Buckley,* 787 F.2d 714,

---

1. Having found that plaintiff lacks a property interest, we need not address defendants' argument that plaintiff's claim for damages is barred by the Eleventh Amendment to the Constitution.

722 (1st Cir.), *cert. denied,* 479 U.S. 882, 107 S.Ct. 270, 93 L.Ed.2d 247 (1986). We, therefore, hold that plaintiff has failed to state a cognizable cause of action under 42 U.S.C. § 1983 and DISMISS this suit accordingly.

IT IS SO ORDERED.