DeHarder v. NHHFA                          CV-95-441-B   11/15/95
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE


DeHarder Investment Corp., et al.

     v.                                     Civil No. 95-441-B

New Hampshire Housing Finance Authority



                              O R D E R


     Fishers Channel, L.P. is seeking to develop a fifty-unit low

income housing project in Penacook, New Hampshire.  Fishers

Channel, and one of its limited partners, DeHarder Investment

Corporation, commenced this action against the New Hampshire

Housing Finance Authority ("Authority") after the Authority

refused to allocate low income housing tax credits to the Fishers

Channel project.  Plaintiffs seek equitable relief and damages

pursuant to 42 U.S.C.A. § 1983 based on violations of their

rights under the Fourteenth Amendment's due process clause and

Section 42 of the Internal Revenue Code ("IRC § 42").  They also

state claims based upon the Freedom of Information Act, the

doctrine of estoppel, intentional misrepresentation, and New

Hampshire's right-to-know law.  In their current motion,

plaintiffs seek temporary and preliminary injunctive relief based upon their § 1983 claims.

## DISCUSSION

Plaintiffs must demonstrate that they are likely to succeed on the merits of their claims in order to obtain a preliminary injunction. American Automobile Mfr.'s Ass'n v. Commissioner, Mass. Dep't of Envtl. Protection, 31 F.3d 18, 27 (1st Cir. 1994). Thus, I begin by considering plaintiffs' likelihood of succeeding with their § 1983 claims.

### A. Due Process

Plaintiffs' procedural due process claim hinges on their assertion that they have a protectible property interest in obtaining an allocation of low income housing tax credits. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972) ("requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property"). In order to succeed with this claim, plaintiffs must demonstrate that they have "a legitimate claim of entitlement" to the tax credits. Id. at 577; see also Lowe v. Scott, 959 F.2d 323, 333-34 (1st Cir. 1992); Daley v. New Durham, 733 F.2d 4, 6 (1st Cir. 1984). "Under this standard, a cognizable property interest exists only when `the discretion of

2

the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured.'" Gardner v. Baltimore Mayor and City Council, 969 F.2d 63, 68 (4th Cir. 1992) (quoting RR1 Realty Corp. v. Southampton, 870 F.2d 911, 918 (2d Cir. 1989)).

In the present case, neither IRC § 42 nor the Authority's own regulations give plaintiffs any entitlement to low income housing tax credits. IRC § 42 requires the Authority to adopt an allocation plan to guide its discretion in allocating credits among competing applications but it does not require the Authority to allocate credits to every qualified applicant. Consistent with IRC § 42, the Authority's allocation plan requires the Authority to score each application on the basis of nine specified criteria. Allocations need not be made to the highest scoring applicants, however, since the plan also permits the Authority to approve or deny applications on the basis of numerous other subjective criteria. Further, the plan specifies that the Authority retains the discretion to determine the amount of each allocation.

Given the limited supply of tax credits available to the Authority and its considerable discretion in allocating such credits, the plaintiffs are in no position to claim an

3

entitlement to the tax credits they seek.  Under these circumstances, plaintiffs have not demonstrated that they have a protectible property interest in obtaining low income housing tax credits.  See Phelps v. Housing Authority of Woodruff, 742 F.2d 816, 823 (4th Cir. 1984) ("we believe that the 'preference' to which any particular applicant might lay claim is so contingent upon the relative merits of all other applications and is so subject to the exercise of legitimate management discretion that any particular plaintiff's prospect of being admitted must be considered merely an expectation rather than an entitlement rising to the level of a constitutionally protected property interests").  Therefore, I conclude that plaintiffs are not likely to succeed in proving their due process claim at trial.

   B.   **IRC § 42**

   Plaintiffs also invoke § 1983 to remedy what they claim is a violation of their rights under IRC § 42(m).  Although § 1983 should be construed broadly, it is not available to remedy every violation of a federal statute.  Golden State Transit v. Los Angeles, 493 U.S. 103, 106 (1989).  Instead, a plaintiff seeking to invoke § 1983 must initially allege that a defendant has violated his federal "rights, privileges, or immunities."  Id.

4

The sufficiency of the plaintiff's allegations will depend upon (1) "whether the provision in question creates obligations binding on the governmental unit or rather does no more than express a congressional preference for certain kinds of treatment"; (2) whether the asserted interest is so "vague and amorphous" that it is "beyond the competence of the judiciary to enforce"; and (3) whether the provision in question was "intended to benefit the putative plaintiff." Id. (internal quotations and citations omitted); see also Suter v. Artist M, 503 U.S. 347, 357 (1992) (§ 1983 is unavailable when Congress did not "unambiguously confer" on the plaintiff a right to enforce the federal law.[1]

Plaintiffs initially requested preliminary injunctive relief on October 3, 1995. In an order issued the next day, I informed plaintiffs that "the documents filed by the plaintiffs to date do not demonstrate that plaintiffs are likely to succeed with the merits of their claims." Nevertheless, I agreed to schedule a

---

[1] Further, even if the plaintiff has asserted a violation of a federal right, § 1983 may be unavailable if Congress "specifically foreclosed a penalty under § 1983." Golden State Transit, 493 U.S. at 106 (quoting Smith v. Robinson, 468 U.S. 992 n.9 (1984)); accord Liuadas v. Bradshaw, 114 S. Ct. 2068, 2083 (1994).

5

hearing on the plaintiffs' motion and directed them to file a supplemental memorandum limited to ten pages, describing "the legal basis for their claims and explaining why they are likely to succeed in proving said claims at trial." At the hearing on plaintiffs' motion, I informed plaintiffs that their supplemental memorandum was deficient because they again had failed to explain the legal basis for their claims. I then explained to counsel that plaintiffs' motion raised several difficult legal issues, including whether plaintiffs could invoke § 1983 to remedy any claimed violation of IRC § 42. Following that hearing, I issued an order requiring the parties to file further memoranda addressing, among other things, the merits of plaintiffs claim that a violation of IRC § 42(m) can be remedied by a § 1983 claim. Notwithstanding this order, plaintiffs have failed to meaningfully respond to defendant's contention that § 1983 is not available to remedy a violation of IRC § 42(m). Accordingly, plaintiffs have failed to demonstrate that they are likely to succeed on the merits of this claim at trial.

## III.  CONCLUSION

Since plaintiffs have failed to demonstrate that they were likely to succeed on the merits of either of their § 1983 claims,

6

their request for temporary and preliminary injunctive relief (document no. 5) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge


November 15, 1995

cc:  Merrick C. Weinstein, Esq.
     Suzanne Amaducci, Esq.
     David A. Horan, Esq.
     William H. Craig, Jr., Esq.
     Brian T. Stern, Esq.
     Garry R. Lane, Esq.
     Richard C. Mooney, Esq.
     Scott F. Innes, Esq.